**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
ABDULZAHER,                   )
                              )
      Petitioner,             )
                              )
      v.                      )     Civil Action No. 05-1236 (RWR)
                              )
GEORGE W. BUSH et al.,        )
                              )
      Respondents.            )
_____)
                              )
ABDUL MAJID MOHAMMADI         )
                              )
      Petitioner,             )
                              )
      v.                      )     Civil Action No. 05-1246 (RWR)
                              )
GEORGE W. BUSH et al.,        )
                              )
      Respondents.            )
_____)
```

**MEMORANDUM ORDER**

Petitioner Abdulzaher and petitioner Abdul Majid Mohammadi each seek a writ of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba.  Petitioners, presumed to be unfamiliar with the English language, are unrepresented at this point and proceeding pro se.  Respondents moved for a stay of proceedings [Dkt. # 4 in C.A. 05-1236 and Dkt. # 4 in C.A. 05-1246] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory

-2-

appeal, No. 05-5064 (D.C. Cir. March 10, 2005), and Kalid v. Bush
et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos.
05-5062, 05-5063 (D.C. Cir. March 2, 2005).  Respondents also
seek to be relieved of any obligation to file a factual return on
the petition.

     A primary purpose of a stay pending resolution of the issues
on appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm
Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties).  A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also, City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the

-3-

rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.
1967) (discussing a stay of execution of judgment conditioned
upon support payments); Center for Int'l Environmental Law v.
Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.
2003) (conditioning stay pending appeal on party seeking an
expedited appeal).  Where, as here, the condition imposed on the
proponent of the stay is "neither heavy nor unexpected," imposing
a protective condition is well within a court's discretion.
Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas
Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have
little doubt that . . . [a court] may fashion an equitable remedy
to avoid placing one party at a severe disadvantage during the
period of litigation")).

    Therefore, here

    the court will "guard against depriving the processes
    of justice of their suppleness of adaptation to varying
    conditions."  Landis v. North American Co., 299 U.S.
    248, 256 (1936).  Coextensive with a district court's
    inherent power to stay proceedings is the power to
    craft a stay that balances the hardships to the
    parties.  Id. at 255 (noting concern regarding a stay
    causing "even a fair possibility . . . [of] damage to
    some one else."); see also Clinton v. Jones, 520 U.S.
    681, 707 (1997) (noting that "burdens [to the parties]
    are appropriate matters for the District Court to
    evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)
(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay and relief from any obligation to file a factual return [Dkt. # 4 in C.A. 05-1236 and Dkt. # 4 in C.A. 05-1246] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Khalid et al. v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioners or any counsel representing them thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.

SIGNED this 22nd day of September, 2005.


                              /s/
                    _____
                    RICHARD W. ROBERTS
                    United States District Judge